UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>            Plaintiff,<br><br>       vs.<br><br>GREGORY LAMONT DRAKE, an individual; STEPHEN KENNETH GROSSMAN, an individual; STEPHEN SCOTT MOLESKI, an individual; JASON DAVID ST. AMOUR, an individual; and DAVID ALAN WOLFSON, an individual,<br><br>            Defendants. | Case No. 2:20-cv-00405-MCS-PLA<br><br>JUDGMENT AS TO DEFENDANT STEPHEN KENNETH GROSSMAN |

The Securities and Exchange Commission having filed a Complaint and Defendant Stephen Kenneth Grossman having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 15(a)(1) of the Exchange Act [15 U.S.C. § 78o(a)(1)] by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, to effect transactions in, or induce or attempt to induce the purchase or sale of, securities while not registered with the Commission as a broker or dealer or while not associated with an entity registered with the Commission as a broker or dealer.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from, directly or indirectly, including, but not limited to, through any entity owned or controlled by Defendant, soliciting any person or entity to purchase or sell any security.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service

1 | or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys;
2 | and (b) other persons in active concert or participation with Defendant or with
3 | anyone described in (a).

4 | III.

5 | IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED
6 | that Defendant shall pay disgorgement of ill-gotten gains, prejudgment interest
7 | thereon, and a civil penalty pursuant to Section 21(d)(3) of the Exchange Act [15
8 | U.S.C. § 78u(d)(3)].  The Court shall determine the amounts of the disgorgement
9 | and civil penalty upon motion of the Commission.  Prejudgment interest shall be
10 | calculated from January 26, 2018, based on the rate of interest used by the Internal
11 | Revenue Service for the underpayment of federal income tax as set forth in 26
12 | U.S.C. § 6621(a)(2).  In connection with the Commission's motion for
13 | disgorgement and/or civil penalties, and at any hearing held on such a motion: (a)
14 | Defendant will be precluded from arguing that he did not violate the federal
15 | securities laws as alleged in the Complaint; (b) Defendant may not challenge the
16 | validity of the Consent or this Final Judgment; (c) solely for the purposes of such
17 | motion, the allegations of the Complaint shall be accepted as and deemed true by
18 | the Court; and (d) the Court may determine the issues raised in the motion on the
19 | basis of affidavits, declarations, excerpts of sworn deposition or investigative
20 | testimony, and documentary evidence, without regard to the standards for
21 | summary judgment contained in Rule 56(c) of the Federal Rules of Civil
22 | Procedure. In connection with the Commission's motion for disgorgement and/or
23 | civil penalties, the parties may take discovery, including discovery from
24 | appropriate non-parties.

25 | IV.

26 | IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED
27 | that, solely for purposes of exceptions to discharge set forth in Section 523 of the
28 | Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and

admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

VI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

Dated: July 26, 2021

_____
MARK C. SCARSI
UNITED STATES DISTRICT JUDGE

3